CHRISTOPHER W. DECKER, CA Bar No. 229426
christopher.decker@ogletree.com
PATRICK T. CAIN, CA Bar No. 352068
patrick.cain@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

Attorneys for Defendant
FAIRWAY INDEPENDENT MORTGAGE CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE DANIEL individually, and on behalf of other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWAY INDEPENDENT MORTGAGE CORPORATION; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:25-cv-10994-JSC<br><br>**REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S MOTION TO COMPEL ARBITRATION**<br><br>Date:        April 16, 2026<br>Time:        10:00 a.m.<br>Place:        Courtroom 8<br><br>[*Filed concurrently with:  Declaration of Julie Fry*]<br><br>Complaint Filed:  May 28, 2025<br>Trial Date:        None<br>District Judge:   Hon. Jacqueline Scott Corley<br>                        Courtroom 8, San Francisco |

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................... 5

II.   THE PARTIES FORMED AN AGREEMENT TO ARBITRATE ON AN
      INDIVIDUALIZED BASIS. .......................................................................... 6

III.  THIS COURT MUST ENFORCE THE CLASS WAIVER AND REFER
      ALL OTHER ARBITRABILITY ISSUES TO THE ARBITRATOR. ......................... 7

IV.   THE AGREEMENT IS NOT UNCONSCIONABLE. .................................................. 8

      A.    There is, at Most, a Low Degree of Procedural Unconscionability. ................. 8

      B.    There Is No Substantive Unconscionability. ....................................................... 9

            1.    The Agreement is not Unconscionable Because it Extends to
                  Claims Arising from Ms. Daniel's Employment with Fairway. ............ 9

            2.    The Agreement is not Unconscionable Because it Conflicts
                  with the Truth in Lending Act. ................................................. 12

            3.    The Agreement is not Unconscionable Because it Requires
                  Plaintiff to Arbitrate Claims Against Third Parties. ............................ 13

            4.    The Agreement is not Unconscionable Because it Survives
                  Indefinitely. ............................................................... 14

            5.    The Agreement is not Unconscionable Because it Confers on
                  Defendant an Exclusive Benefit to the Kinds of Claims it is
                  More Likely to Bring. ................................................... 14

            6.    The Agreement is not Unconscionable Because it Unlawfully
                  Waives Representative PAGA Claims. ...................................... 15

V.    THE COURT SHOULD SEVER ANY UNCONSCIONABLE
      PROVISIONS AND ENFORCE THE REMAINDER OF THE
      AGREEMENT. .......................................................................... 16

VI.   CONCLUSION. ......................................................................... 18

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armendariz v. Foundation Health Psychcare Services, Inc.*
(2000) 24 Cal.4th 83 ......................................................................................... 6, 9, 13

*Ayala-Ventura v. Superior Court,*
___ Cal. App. 5th ___, 2026 WL 752428 ............................................... 11, 12, 13, 14

*Bahamonde v. Amazon.com Servs. LLC,*
2025 WL 2021801 (N.D. Cal. July 18, 2025) (Corley, J.) ................................. 16, 17

*Baltazar v. Forever 21, Inc.,*
62 Cal. 4th 1237 (2016).............................................................................................. 14

*In re BAM Trading Servs. Sec. Litig.,*
733 F. Supp. 3d 854 (April 26, 2024) (Corley, J.) ...................................................... 7

*Cook v. Univ. of S. Cal.,*
102 Cal. App. 5th 312 (2024)............................................................................... 11, 14

*DeMarinis v. Heritage Bank of Commerce,*
98 Cal. App. 5th 776 (2023) ...................................................................................... 16

*Ding Ding v. Structure Therapuetics, Inc.,*
755 F. Supp. 3d 1200 (N.D. Cal. Oct. 29, 2024) (Corley, J.)............................... 12, 16

*Dotson v. Amgen, Inc.,*
181 Cal. App. 4th 975 (2010)....................................................................................... 8

*Gilmer v. Interstate/Johnson Lane Corp.,*
500 U.S. 20 (1991) ...................................................................................................... 15

*Lange v. Monster Energy Co.,*
46 Cal. App. 5th 436 (2020)....................................................................................... 17

*People ex rel. Lungren v. Superior Court,*
14 Cal. 4th 294 (1996)................................................................................................ 10

*Najarro v. Superior Court,*
70 Cal. App. 5th 871 .................................................................................................. 16

*OTO L.L.C. v. Kho,*
8 Cal. 5th 111 (2019) ................................................................................................... 9

*Piplack v. In-N-Out Burgers,*
88 Cal. App. 5th 1281 (2023) ..................................................................................... 16

*Poublon v. C.H. Robinson Co.,*
846 F.3d 1251 (9th Cir. 2017)............................................................................... 12, 16

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

*Prouty v. Gores Tech. Grp.*,
    121 Cal. App. 4th 1225 (2004) ......................................................................................... 10

*Ramirez v. Charter Commc'ns, Inc.*,
    16 Cal. 5th 478 (2024) ............................................................................................... 10, 12

*Reigelsperger v. Siller*,
    40 Cal. 4th 574 (2007) ..................................................................................................... 14

*Rent-A-Center, W., Inc. v. Jackson*,
    561 U.S. 63 (2010) ............................................................................................................. 7

*Ronay Family Ltd. P'ship v. Tweed*,
    216 Cal. App. 4th 830 (2013) .......................................................................................... 14

*Rosales v. Vitas Healthcare Corp. of Cal.*,
    2025 WL 2954975 (N.D. Cal., Sept. 16, 2025) (Corley, J.) .............................................. 8

*Ruiz v. Southern Tire Mart, LLC*,
    2025 WL 2025633 (C.D. Cal. January 22, 2025) ............................................................. 10

*Swain v. LaserAway Med. Grp.*,
    57 Cal. App. 5th 59 (2020) ................................................................................................ 9

*Velazquez v. CEC Entm't, LLC*,
    2024 WL 4560169 (C. D. Cal. Oct. 23, 2024) ................................................................ 14

*Vikram Singh v. Adobe Inc.*,
    797 F. Supp. 3d 1038 (Aug. 1, 2025) ............................................................................ 6, 7

**Statutes**

Cal. Civ. Code § 3534 ............................................................................................................. 10

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

## I.    **PRELIMINARY STATEMENT**

Plaintiff Nichole Daniel does not dispute that she signed Fairway's Mutual Arbitration Agreement (the "Arbitration Agreement" or the "Agreement") at the commencement of her employment, that it covers the claims she has asserted here, and that it requires arbitration of those claims exclusively on an individual basis, without any attempt to secure relief for any other person or party.  Her sole basis for not complying with the Arbitration Agreement is that it is unenforceable because it is unconscionable.  Plaintiff fails to present any reason why this Court should not compel this action to arbitration in accordance with the Arbitration Agreement.

Initially, Plaintiff's arguments that the Arbitration Agreement is unconscionable are referred to the arbitrator, not this Court. The Arbitration Agreement clearly and unmistakably delegates all questions of "interpretation, applicability or enforceability" of the Arbitration Agreement to the arbitrator.  Plaintiff does not dispute that the Arbitration Agreement so provides, that the delegation is clear and unmistakable, or that it is enforceable.  And while she does argue that the agreement as a whole is unconscionable, none of her unconscionability arguments attack the delegation provision in particular. Hence, she offers no reason why this Court should not enforce the delegation clause, and refer her arguments that the agreement as a whole is unconscionable to the arbitrator.

And even if this Court considers those arguments, which it should not, it should reject them. Plaintiff's central argument is that the Arbitration Agreement extends to claims unrelated to her employment at Fairway, and therefore could require her to arbitrate a dispute with Fairway (or some related entity) arising out of a mortgage, an appraisal, or the servicing of a mortgage.  Nothing in the Arbitration Agreement requires this interpretation, and the better reading of the agreement, informed by the usual canons of contract interpretation, is that it encompasses only claims arising out of her employment, which effectively limits its scope and duration, and the parties who could invoke it. And even if Plaintiff's interpretation were correct, the scenarios she imagines in which she might be compelled to arbitrate a claim unrelated to her employment are speculative at best, which is insufficient reason to void the arbitration agreement in its entirety.

Plaintiff also contends that the Arbitration Agreement allows Fairway access to court for certain types of claims, rendering it nonmutual, but there is no such provision, and she fails to identify

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S MOTION TO COMPEL ARBITRATION

one.  Plaintiff also mischaracterizes the Arbitration Agreement's handling of representative PAGA claims, contending that it unlawfully waives such claims when, in fact, it provides only that they cannot proceed in arbitration and, if a waiver of such claims is void, they will proceed in court.  Even if the Arbitration Agreement did contain an unlawful waiver, the potential unenforceability of a provision does not make that provision substantively unconscionable, as this Chambers has previously held.

Defendant's Motion to Compel Arbitration should be granted.

## II.    THE PARTIES FORMED AN AGREEMENT TO ARBITRATE ON AN INDIVIDUALIZED BASIS.

Plaintiff does not dispute that, at the outset of her employment, she received and electronically signed a copy of the Arbitration Agreement during her onboarding with Defendant, that the Arbitration Agreement is subject to the Federal Arbitration Act, or that it covers her asserted claims in this matter.  Plaintiff likewise does not dispute that the Agreement contains a delegation clause or that it satisfies all of the *Armendariz* requirements, including neutrality of the arbitrator, adequate discovery, a written award, and limitations on the cost of arbitration. Instead, Plaintiff argues that the Agreement is unenforceable because it is unconscionable.

As identified in Defendant's Memorandum of Points and Authorities in support of Defendant's Motion to Compel Arbitration, the Agreement delegates gateway questions of arbitrability to the arbitrator. Declaration of Steven Riese, ECF Doc. # 16, ["Riese Decl."] Ex. M at ¶ 6. The Agreement's delegation clause states, in relevant part, "the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, and interpretation of this Agreement, including, without limitation, any claim that it is void or voidable." Id.

This Chambers recently recognized that a substantially identical delegation clause, "clearly and unmistakably delegates the gateway question of arbitrability to the arbitrator." *Vikram Singh v. Adobe Inc.*, 797 F. Supp. 3d 1038 (Aug. 1, 2025) (Corley, J.) That delegation clause provided:

> The arbitrator, and not any federal, state or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of the Terms or formation of the Terms, including whether any

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

dispute between us is subject to arbitration (i.e., the arbitrator will decide the arbitrability of any dispute) and whether all or any part of these Terms are void or voidable.

*Id.* at 1051. The slight differences in wording between that delegation clause and the one in the Agreement are not material. The Arbitration Agreement further reinforces this delegation of threshold questions to the arbitrator by incorporating the JAMS rules to govern the arbitration proceedings. Riese Decl. Ex. M at ¶ 5. This Chambers also recently held "incorporation of the AAA rules is clear and unmistakable evidence of an intent to arbitrate regardless of the parties' sophistication." *In re BAM Trading Servs. Sec. Litig.*, 733 F. Supp. 3d 854, 863 (April 26, 2024) (Corley, J.)

If an arbitration agreement contains contractual language clearly and unmistakably delegating the authority to determine the question of arbitrability to the arbitrator, a court must treat the delegation provision as valid, enforce it, and leave any challenges to the agreement's validity as a whole for the arbitrator. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also, Vikram Singh*, 797 F. Supp. 3d at 1051.

Defendant noted the delegation provision in its opening brief, and Plaintiff has not disputed the Agreement contains such a provision, that it is clear and unmistakable, or it prevents this Court from considering any arguments that the Agreement is unenforceable because it is unconscionable. As this Chambers has previously held,

> While a party can challenge a delegation clause on unconscionability grounds, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it. [citation] Here, Plaintiffs do not even mention the delegation clause in their opposition brief, and thus have not challenged the delegation clause on unconscionability grounds. [citation] Because Plaintiffs do not challenge the delegation clause and the delegation clause clearly and unmistakably delegates the gateway question of arbitrability to the arbitrator in the first instance, an arbitrator, not the Court, must resolve Plaintiffs' unconscionability arguments. So, the motion to compel arbitration must be granted.

97 F. Supp. 3d 1038, 1051 (Corley, J.) (internal quotation marks and citations omitted)

**III.    THIS COURT MUST ENFORCE THE CLASS WAIVER AND REFER ALL OTHER ARBITRABILITY ISSUES TO THE ARBITRATOR.**

Plaintiff has never disputed the Agreement covers her asserted claims, that it requires arbitration solely on an individualized basis, or that the limitation to individualized proceedings in

arbitration is enforceable and reserved for the Court. Accordingly, the Court must dismiss Plaintiff's class claims, refer all other issues to the arbitrator, and stay this action.

## IV.     THE AGREEMENT IS NOT UNCONSCIONABLE.

Plaintiff's arguments that the Arbitration Agreement is unconscionable should be addressed to the arbitrator, and this Court should decline to consider them. Nonetheless, because Plaintiff devotes the bulk of her Opposition to this issue, out of an abundance of caution, Defendant addresses Plaintiff's arguments below.

### A.     There is, at Most, a Low Degree of Procedural Unconscionability.

Defendant acknowledges Plaintiff was required to sign the Agreement as a condition of employment.  However, the adhesive nature of a contract, without more, would give rise to a low degree of procedural unconscionability at most." *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981-82 (2010).  Plaintiff's attempts to establish a higher degree of procedural unconscionability fail.

As for oppression, Plaintiff does not controvert Defendant's evidence that Plaintiff was allowed up to three days to sign the Agreement or that she had the opportunity to download it, save and/or print it, exit the onboarding process, and return to sign it at a later time.  Riese Decl. Ex. M at ¶ 14.  Plaintiff merely testifies that no one explained the Agreement to her or told her to consult a lawyer, that she did not consult with a lawyer, and did not understand the significance of what she was signing.  Declaration of Nichole Daniel, ECF Doc. # 22-11, ["Daniel Decl."] at ¶¶ 5-6.  In signing the Arbitration Agreement, however, she "warrant[ed] and agree[d] that Employee has read and understands this Agreement and has consulted with an attorney of Employee's choosing regarding its effect to the extent Employee deems necessary."  Riese Decl. Ex. M at ¶ 10.  In any event, as this Chambers has held, "[t]hat Plaintiff did not understand, and Defendant did not explain, the consequences of agreeing to arbitration also does not increase the Agreement's procedural unconscionability." *Rosales v. Vitas Healthcare Corp. of Cal.,* 2025 WL 2954975 at * 4 (N.D. Cal., Sept. 16, 2025) (Corley, J.)

As for surprise, Plaintiff does not controvert Defendant's evidence that the Agreement was presented separately from other onboarding documents; displayed in a customary font size; titled, in bold capital letters "MUTUAL ARBITRATION AGREEMENT"; and was only three pages long.

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

Riese Decl. Exs. E & M.  That Plaintiff elected to sign the Agreement quickly, at the same time she executed other onboarding documents, does not establish surprise when Plaintiff does not dispute that she could have proceeded more slowly.

Plaintiff's authorities are inapposite.  *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, merely holds conditioning employment on accepting an arbitration agreement is adhesive, without commenting on the *degree* of procedural unconscionability it creates. 24 Cal. 4th at 114-15.  In *OTO L.L.C. v. Kho*, 8  Cal. 5th 111 (2019), the defendant sent a "porter" to deliver the documents to the plaintiff and waited for the plaintiff to sign them, "convey[ing] an expectation that [plaintiff] sign them immediately, without examination or consultation with counsel." *Id.* at 127.  In addition, the agreement in *OTO* was "'only slightly more than a page long but written in an extremely small font' to the point that it was 'visually impenetrable' and 'challenges the limits of legibility.'"  *Id.* at 128.  None of those facts are present here.  Additionally, in *Swain v. LaserAway Med. Grp.*, 57 Cal. App. 5th 59 (2020), the arbitration agreement was presented along with other forms "to sign 'immediately' before [plaintiff] was 'taken to [a] room for her procedure,' demonstrating that [defendant] gave [plaintiff] little time to review, and exerted pressure on her to sign, the agreement." *Id.* at 69.  Here, however, there is no evidence that Plaintiff was pressured to sign the Agreement quickly or denied an opportunity to learn the significance of what she was signing.

### B.     There Is No Substantive Unconscionability.

#### 1.     The Agreement is not Unconscionable Because it Extends to Claims Arising from Ms. Daniel's Employment with Fairway.

Plaintiff quotes the Agreement's definition of the "claims subject to this Agreement" and then ignores all but a few words. The Agreement defines the covered claims as "all claims pertaining to Employee's employment or other relationship with the Company (including application for or termination of employment) and all claims for . . ." followed by a long list of claims that could arise of out employment.  Riese Decl. Ex. M at ¶ 1.  The Agreement then specifically provides for arbitration according to the JAMS **Employment** Arbitration Rules.  Riese Decl. Ex. M at ¶ 5. Plaintiff, however, disregards this context while noting the defining language includes the phrase "or

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

other relationship with the Company" and that claims for "breach of express or implied contract" are expressly mentioned, then draws the conclusion the Agreement extends to claims arising out of a mortgage and/or mortgage servicing arrangement between the Parties. Defendant, for its part, does not interpret the Agreement to extend beyond claims arising from employment, and has never attempted to compel arbitration of any legal dispute between Defendant and a consumer arising out of a mortgage or mortgage servicing arrangement with a consumer. Declaration of Julie Fry, filed concurrently herewith, ["Fry Decl."] ¶¶ 3-4 & 7.

Plaintiff's argument hinges on construing the phrase "other relationship with the Company" to encompass more than employment-related claims, disregarding the detailed list of claims that follows, thereby violating the principle *noscitur a sociis* whereby "a court will adopt a restrictive meaning of a listed item if acceptance of a more expansive meaning would make other items in the list unnecessary or redundant, or would otherwise make the item markedly dissimilar to the other items in the list." *People ex rel. Lungren v. Superior Court*, 14 Cal. 4th 294, 307 (1996) (internal quotation marks and citation omitted). Plaintiff's argument further conflicts with the "well established principle[] of contract interpretation," that "when a general and a particular provision are inconsistent, the particular and specific provision is paramount to the general provision." *Prouty v. Gores Tech. Grp.*, 121 Cal. App. 4th 1225, 1235 (2004); *see* Cal. Civ. Code § 3534 ("Particular expressions qualify those which are general."). Finally, if Plaintiff is correct that such an expansive reading creates substantive unconscionability, that is yet another reason to reject Plaintiff's interpretation because "[w]here a contract is susceptible to two interpretations, one which renders it valid and the other which renders it void, a court should select the interpretation that makes the contract valid." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 507 (2024); *see also Ruiz v. Southern Tire Mart, LLC*, 2025 WL 2025633 at * 9 (C.D. Cal. January 22, 2025) ("Here, the Agreement is susceptible to the interpretation that it is limited to claims involving the employment relationship and reading it in this manner renders the provision enforceable. Accordingly, the Court reads it in this manner and does not find that the Agreement is unconscionably overbroad.")

The inclusion of "claims for . . . breach of express or implied contract" among the covered claims does not suggest that the Arbitration Agreement extends beyond employment-related claims.

An employment relationship is a contractual relationship, and it is wholly foreseeable that either party could have and might assert claims against the other for breach of contract. For example, Plaintiff could claim that she worked off the clock and is owed additional wages for that uncompensated time at her promised hourly rate. As statutory law only requires payment of the _minimum_ wage for all hours worked, any claim for wages at her promised hourly rate would be contractual, not statutory. Similarly, Fairway could claim that Plaintiff breached her confidentiality obligations to the company, which would sound in contract, as a claim for breach of the Confidentiality Agreement between her and Fairway. See Declaration of Debashish Bakshi, Ex. H, ECF Doc. # 22-9.

In contrast, the agreement in _Cook v. Univ. of S. Cal._, 102 Cal. App. 5th 312, 317 (2024), on which Plaintiff relies, required "arbitration of all claims, ***whether or not arising out of Employee's University employment, renumeration or termination*** . . . " (emphasis added). Plaintiff identifies nothing in the Agreement that expressly extends its coverage beyond employment-related claims.

Even if the Agreement extended beyond employment-related claims, "the _Cook_ court did not conclude an arbitration agreement covering all claims including those unrelated to employment is per se unconscionable . . . The agreement in _Cook_ was unconscionable in part because of the multifarious ways in which a claim against USC 'completely unrelated to [Cook's] employment' could arise." _Ayala-Ventura v. Superior Court_, ___ Cal. App. 5th ___, 2026 WL 752428 at * 9 [alteration in original]. _Ayala-Ventura_ concluded the agreement's scope was not unconscionably broad because the only scenario plaintiff identified that could give rise to a claim not arising out of her employment "appear[ed] speculative at best." _Id_.

Plaintiff's scenarios in which she might have a non-employment claim against Defendant are equally fanciful. Plaintiff imagines she might have a claim arising out of a mortgage or mortgage appraisal she obtained from Defendant or a related entity but does not contend she obtained one, and in fact, she has not. Fry Decl. ¶ 5. Plaintiff further speculates Defendant might purchase a mortgage she obtained from another lender or the servicing rights to such mortgage but offers no evidence she has obtained a mortgage from _any_ lender. In fact, Defendant has not purchased a mortgage or servicing rights to a mortgage for Plaintiff on the secondary market. Fry Decl. ¶ 6. Even if Plaintiff

had obtained a mortgage from Defendant or Defendant obtained the servicing rights of Plaintiff's mortgage, Defendant does not interpret the Agreement as requiring arbitration of such claim and has never attempted to enforce the Agreement in that manner. Fry Decl. ¶¶ 3-4 & 7.

Considering the "circumstances of the case," as *Ayala-Ventura* requires, does not conflict with the rule that "an unconscionability assessment focused on circumstances known at the time the agreement was made," *Cf. Ramirez v. Charter Communications, Inc.* 16 Cal. 5th 478, 505 (2024). At the time Plaintiff entered into the Arbitration Agreement, she did not have a mortgage with Fairway and had not conducted any business with Fairway or a related entity. Based on the evidence in the record, at that time, it was entirely speculative whether she ever would obtain one, as there is no evidence that she owns or would own a home, or that she would during the time she was employed. Once her employment ended, she was no longer eligible to participate in the employee loan program, and Fairway would be simply one lender among many, further reducing the likelihood she would conduct business with Fairway.

**2.      The Agreement is not Unconscionable Because it Conflicts with the Truth in Lending Act.**

Plaintiff's extensive argument that the Truth In Lending Act prohibits arbitration clauses in mortgages simply provides additional reasons why the Court should reject Plaintiff's interpretation of the Agreement's scope to avoid construing it in a manner that renders it void.

Furthermore, even if the Agreement amounts to an unlawful attempt to require arbitration of disputes arising out of obtaining a mortgage, that would only render the Agreement unenforceable in that particular scenario, not substantively unconscionable overall. As the Ninth Circuit noted in *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1273 (9th Cir. 2017), Under California law, "[c]ontracts can be contrary to public policy but not unconscionable and vice versa." Accordingly, *Poublon* held a provision in an arbitration agreement purporting to waive the right to bring a PAGA claim, although unenforceable, was not unconscionable. *Id.* at 1264. As this Chambers recognized, the *Poublon* holding supports the broader conclusion that "the potential unenforceability of a provision does not make that provision substantively unconscionable." *Ding Ding v. Structure Therapuetics, Inc.*, 755 F. Supp. 3d 1200, 1207 n. 2 (N.D. Cal. Oct. 29, 2024) (Corley, J.) (citing

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

*Poublon*).  On that basis, this Chambers rejected the argument that a provision requiring arbitration of sexual harassment claims was substantively unconscionable because it conflicts with the Ending Forced Arbitration Act.  *Id.*  By the same logic, the potential unenforceability of a provision requiring arbitration of disputes arising out of a mortgage would not create substantive unconscionability.

**3.    The Agreement is not Unconscionable Because it Requires Plaintiff to Arbitrate Claims Against Third Parties.**

Plaintiff's argument that the Agreement is overbroad and non-mutual because it requires arbitration of claims against third parties hinges on an erroneous interpretation that the Agreement extends to claims arising outside of employment.  Only in that way can Plaintiff support the hypothetical that she could be required to arbitrate a claim against a mortgage appraiser who commits a tort against her.  Plaintiff's Response in Opposition to Motion to Compel Arbitration, ECF Doc. # 22, ["Pl.'s Opp."] at p. 14:18-23.  Interpreting the Agreement to encompass only employment-related claims, as Defendant does and this Court should, there would be no such obligation borne by Plaintiff.  Even if such an obligation could arise in theory, there is no evidence that it actually would.  As *Ayala-Ventura* emphasizes, a court must consider the context in determining unconscionability.  2026 WL 752428 at * 9.  Where the purported nonmutual obligation to arbitrate "appears speculative at best," the agreement to arbitrate scope "is not unconscionably broad under the circumstances of this case."  *Id.*

To the extent there is any lack of mutuality because the Agreement requires Plaintiff to arbitrate claims she may have against Defendant's affiliated entities, agents, and/or clients, that lack of mutuality is justified by a business's desire to control how claims are brought against it and its agents and employees. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 117 (2000) ("unconscionability turns not only on a 'one-sided' result, but also on an absence of 'justification' for it").  As a corporate entity, Defendant can only act by and through the action of others, which may include officers, directors, members, employees, and agents. Additionally, a business entity may often be held liable for the actions of its officers, agents, and employees.  Accordingly, Fairway has an interest in requiring arbitration for claims brought against its related entities, agents, and employees. "A contract can provide a margin of safety that provides the party

13

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S MOTION TO COMPEL ARBITRATION

with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1250 (2016) (internal citations omitted).  There is no dispute that non-signatories may enforce an arbitration agreement against a party as intended third-party beneficiaries of the agreement. *See Ronay Family Ltd. P'ship v. Tweed*, 216 Cal. App. 4th 830, 838–39 (2013). It logically follows that an agreement may specify other entities, agents, and/or affiliates for whose benefit the contract was made. *Id.*

### 4.    The Agreement is not Unconscionable Because it Survives Indefinitely.

Plaintiff argues the Agreement survives indefinitely because it provides that it "shall remain in effect even after the termination of Employee's employment."  Riese Decl. Ex. M at ¶ 9.  However, "arbitration agreements that do not specify a term of duration are terminable at will after a reasonable time has elapsed." *Reigelsperger v. Siller*, 40 Cal. 4th 574, 580 (2007). Without an "express term of duration," an "[a]greement is not substantively unconscionable because it is not of infinite duration." *Velazquez v. CEC Entm't, LLC*, 2024 WL 4560169 at * 7 (C. D. Cal. Oct. 23, 2024).  The Arbitration Agreement only provides that it survives termination; it is silent as to when (if ever) it terminates. In contrast, in *Cook*, on which Plaintiff relies, the arbitration agreement provided not only that it "shall survive the termination of Employee's employment" <u>but also</u> that it "may only be revoked or modified in a written document that expressly refers to the 'Agreement to Arbitration Claims' and I signed by the President of the University,"  102 Cal. App. 5th at 317, effectively ensuring that it would remain in effect until revoked.

Even if the Agreement here was infinite in duration, *Ayala-Ventura* emphasizes "the importance of context in determining unconscionability."  2026 WL 752428 at *9.  Where the possibility of a claim arising after termination of employment is "speculative at best," infinite duration does not create substantive unconscionability.  *Id.*  For the reasons detailed above, that possibility is equally remote here, and the same conclusion follows.

### 5.    The Agreement is not Unconscionable Because it Confers on Defendant an Exclusive Benefit to the Kinds of Claims it is More Likely to Bring.

Plaintiff argues Defendant excluded claims from arbitration that Defendant would be most likely to bring, pointing to a provision in Defendant's Confidentiality Agreement (not the Arbitration

14

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S MOTION TO COMPEL ARBITRATION

Agreement) stating "injunctive or other equitable relief is available to enforce this agreement and that such relief is without the necessity of Fairway posting a bond." Pl.'s Opp at p. 15:24-16:2. However, Plaintiff identifies no language in either agreement that would allow Defendant to seek such relief <u>in court</u>, and there is none.  To the contrary, the Agreement expressly empowers the arbitrator "to award all legal and equitable relief that would be available in court under applicable law." Riese Decl., Ex. M at ¶ 6.[1]  Accordingly, there is nothing in the Agreement that confers a non-mutual benefit on Defendant for certain types of claims or somehow allows recourse to a judicial forum in a way that favors Defendant.[2]

### 6. <u>The Agreement is not Unconscionable Because it Unlawfully Waives Representative PAGA Claims.</u>

Plaintiff argues the Agreement is unconscionable because it "impermissibly waives representative PAGA claims." Pl.'s Opp. at p. 16:22-17:3.  This is incorrect; the Agreement prohibits an <u>arbitrator</u> "from fashioning a proceeding as a . . . representative . . . action . . . to the maximum extent permitted by law."  Riese Decl., Ex. M at ¶ 9.  The Agreement further provides that "[s]hould a court determine that this prohibition on . . . representative . . . actions is invalid for any reason . . . such claims will be heard only by a judge and not an arbitrator or jury, to the maximum extent permitted by law." Id.  Accordingly, the Agreement simply provides that representative PAGA claims will not be <u>arbitrated</u> and, if a waiver of such claims is unenforceable, the representative PAGA claim will proceed in court.  There is no impermissible waiver, only a conditional waiver if the law allows such waivers and, if it does not, a carve-out excluding representative PAGA claims from arbitration.

In any event, even if the Agreement attempted to waive representative PAGA claims entirely, the Ninth Circuit has rejected similar arguments that such waivers create substantive.

---

[1] Indeed, as the Supreme Court observed, "arbitrators do have the power to fashion equitable relief." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991).

[2] To the extent Plaintiff is attacking the provision in the Confidentiality Agreement excusing the requirement of a bond when seeking injunctive or equitable relief, she offers no argument or authority that such a provision is unconscionable.  And even if it were, it is not found in the Arbitration Agreement and is therefore not a basis to find the Arbitration Agreement substantively unconscionable.

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

[Plaintiff argues that because the waiver of a representative PAGA claim is unenforceable, it is also substantively unconscionable. This is incorrect. Under California law, "[c]ontracts can be contrary to public policy but not unconscionable and vice versa." [citations] We are not aware of a California case holding that a PAGA waiver is substantively unconscionable. Nor has Poublon directed us to a case holding that the waiver of a representative claim, other than a PAGA claim, is substantively unconscionable.

*Poublon*, 846 F.3d at 1264.

As this Chambers has recognized, this holding supports the broader conclusion that "the potential unenforceability of a provision does not make that provision substantively unconscionable." *Ding Ding* 755 F.Supp. 3d at 1207 n. 2 (citing *Poublon*). Plaintiff relies on *DeMarinis v. Heritage Bank of Commerce*, 98 Cal. App. 5th 776, 788-79 (2023) and *Piplack v. In-N-Out Burgers*, 88 Cal. App. 5th 1281, 1288I (2023), both of which merely hold that a "wholescale" waiver of PAGA claims is unenforceable, not unconscionable. While *Najarro v. Superior Court*, 70 Cal. App. 5th 871, 882-83, holds that a PAGA waiver is substantively unconscionable, it fails to consider the distinction between unenforceability and unconscionability noted in *Poublon*, and is therefore unpersuasive. Accordingly, even if the Arbitration Agreement did waive Plaintiff's ability to bring a representative PAGA claim, that provision would simply be unenforceable, not grounds to invalidate the entire agreement as unconscionable.

## V.      THE COURT SHOULD SEVER ANY UNCONSCIONABLE PROVISIONS AND ENFORCE THE REMAINDER OF THE AGREEMENT.

As this Chambers recently recognized, "[a] court should sever an unconscionable provision unless the agreement is so permeated by unconscionability that it cannot be cured by severance. The presence of a severability clause makes severance more feasible." *Bahamonde v. Amazon.com Servs. LLC*, 2025 WL 2021801 at * 9 (N.D. Cal. July 18, 2025) (Corley, J.) (internal citations and quotation marks omitted). The Agreement includes a severability clause. Riese Decl. Ex. M at ¶ 9. In determining whether to sever unconscionable provisions, "the dispositive question is whether 'the central purpose of the contract' is so tainted with illegality that there is no lawful object of the contract to enforce." *Id.* (quoting *Poublon*, 846 F.3d at 1273).

If this Court concludes the Agreement is overboard in scope, duration, or inclusion of claims against third parties, it should follow the same approach as it did in *Bahamonde*. There, as here,

16                                          Case No. 3:25-cv-10994-JSC

"most of the substantive unconscionability can be cured by severing [the language] which extends arbitrability to claims unrelated to Plaintiff's employment with [Defendant]." 2025 WL 2021801 at * 9. Here, simply striking the words "or other relationship with the Company" from the definition of claims subject to the Agreement would eliminate the sole basis for extending arbitrability beyond claims arising out of Plaintiff's employment with Fairway. As in *Bahamonde*, striking those six words,

> also addresses the unlimited duration issue because the statute of limitations would put an end point on the agreement: employment-related claims would eventually be time-barred. The unconscionability of the lack of mutuality is also largely cured by ridding the agreement of applying to claims outside of Plaintiffs' employment. And [the stricken subsection] does not so taint the arbitration agreement with illegality that there is no lawful object of the agreement to enforce. An employment-related arbitration agreement—the central purpose of the agreement—is a lawful objective under California law.

*Id.*

Plaintiff's only other grounds for substantive unconscionability either attack provisions that are not present in the Agreement (i.e., the purported carve-out for injunctive or equitable relief claims) or are, at best, unenforceable, but not unconscionable (i.e., the purported waiver of representative PAGA claims). The former need not be severed, as they are absent from the Agreement in the first place, and the latter can easily be severed as well. Contrary to Plaintiff's argument, California law does not preclude a court from severing multiple provisions if they are collateral to the agreement's main purpose, which is the case here. "[T]he presence of more than one substantively unconscionable term is only one of the relevant factors in the trial court's severability inquiry. In each case regarding severance . . . the dispositive question is whether the central purpose of the contract is so tainted with illegality that there is no lawful object of the contract to enforce." *Lange v. Monster Energy Co.*, 46 Cal. App. 5th 436, 455 (2020) (*citing Poublon* at 1273. (internal citations and quotation marks omitted).

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION

## VI.    <u>CONCLUSION.</u>

For the foregoing reasons, Defendant's Motion to Compel Arbitration should be granted.


DATED:  April 2, 2026                    OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.



                                         By: /s/ Christopher W. Decker
                                             Christopher W. Decker
                                             Patrick T. Cain

                                         Attorneys for Defendant
                                         FAIRWAY INDEPENDENT MORTGAGE
                                         CORPORATION

REPLY IN SUPPORT OF DEFENDANT FAIRWAY INDEPENDENT MORTGAGE CORPORATION'S
MOTION TO COMPEL ARBITRATION